## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT BREHM** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1739 (RMU)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANT SCOTT KOCH'S MOTION TO DISMISS AND DEFENDANT DoD and CIA's MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION OF RECORDS

Defendants[1], Koch and the United States Department of Defense (DoD), pursuant to Fed. R. Civ. P. 12 (b)(6) move to dismiss this action for lack of jurisdiction and failure to exhaust administrative remedies, respectively.  In addition, Defendant Central Intelligence Agency (CIA), pursuant to Fed. R. Civ. P. 56, moves for summary judgment, because there are no material facts in dispute in this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant CIA is entitled to judgment as a matter of law. Finally, Defendants oppose Plaintiff's Motion For *In Camera* Inspection of Records for lack of ripeness.  In support of this motion, defendants respectfully refer the Court to the attached Memorandum of Points and

---

[1] Although not listed in the case caption, plaintiff also lists Scott Koch, Chief, Public Information Programs Division (PIPD), Central Intelligence Agency as an individually-named defendant in this FOIA action. See Complaint at 1.  As explained herein, Defendant Koch is not a proper party to this action as the court lacks jurisdiction over him in this FOIA action.

Authorities and defendants' statement of material facts as to which there are no genuine issue.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of defendants' motion for summary judgment will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
> Fed. R. Civ. P. 56(e).

Respectfully  submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


___/s/_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROBERT BREHM** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1739 (RMU)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), the defendants hereby submit the following material facts as to which there is no genuine dispute:

A. CIA

1. On or about February 14, 2007, plaintiff submitted a written FOIA/Privacy Act request to CIA. In his request, plaintiff asked for all records relating to himself: Robert Lyman Brehm. CIA assigned plaintiff's request reference number P-2007-00321. Declaration of Scott Koch (Koch Decl.) at ¶16.

2. By letter dated 5 March 2007, CIA acknowledged receiving plaintiff's letter, dated February 14, 2007. Koch Decl. at ¶17.

3.  The CIA processed plaintiff's request and conducted diligent searches of relevant systems of records that were reasonably calculated to discover any records responsive to plaintiff's request. Diligent searches failed to discover any responsive records.  Koch Decl. at ¶18.

4. In a response dated March 15, 2007, the CIA notified plaintiff that his request, and CIA's subsequent search, was processed in accordance with the Freedom of Information Act and the Privacy Act.  Koch Decl. at ¶19.

5. The CIA Information and Privacy Coordinator in the Information Management Services (IMS) is the initial reception point for all FOIA/Privacy Act requests.  Under the direction and supervision of the CIA Information and Privacy Coordinator, experienced IMS information management professionals analyze each request and determine which CIA components might reasonably be expected to possess records responsive to a particular request.  IMS then transmits a copy of the request to each relevant component.  When a request is broad, it is quite common for IMS to transmit the request to many components.   Because CIA's records systems are decentralized and compartmented, each component must then devise its own search strategy, which includes identifying which of its records systems to search as well as what search tools, indices, and terms to employ.  The information management professionals in each component conducting FOIA/Privacy Act searches are the same professionals searching records to support the component's daily mission. Koch Decl. at ¶10.

6. CIA informed plaintiff that it found no records responsive to plaintiff's request.  CIA also

informed plaintiff that he had a right to appeal the finding to the Agency Release Panel. Koch Decl. at ¶19.

7. By letter dated, April 20, 2007, plaintiff exercised his right to appeal CIA's final response. Koch Decl. at ¶20.

8. On May 3, 2007, CIA accepted plaintiff's appeal. Koch Decl. at ¶21.

9. As part of Plaintiff's appeal, the relevant components conducted another thorough search and, once again, were unable to locate any records pertaining to Plaintiff. Koch Decl. at ¶ 22.

8. In a letter dated, July 12, 2007, CIA's Agency Release Panel notified plaintiff that "despite thorough and diligent searches of the appropriate records systems, we were unable to locate any records responsive to your request," and accordingly, denied plaintiff's appeal. Koch Decl. at ¶ 23.

B. Department of Defense

10. The Office of Freedom of Information (OFOI) reviewed plaintiff's complaint to determine the specific FOIA or Privacy Act (PA) request that serves as its basis. Because plaintiff does not mention a specific FOIA or PA request submitted to the Department of Defense (DoD), OFOI queried its database of FOIA/PA requests to determine if OFOI had ever received a request from the plaintiff. This database is electronic and contains records of all FOIA and PA requests received by OFOI for over 20 years. This database does not contain records on all the FOIA or PA requests

received throughout the DoD; however, because OFOI is the office to receive FOIA/PA requests

when a requester is unsure where to direct a request, OFOI is the most reasonable location to search

for a request from the plaintiff. An electronic search was made of this database by OFOI. To allow

for possible misspellings of plaintiff's last name, the search terms used were "Brehm", "Brhem",

"Breh", and "Brhe". No FOIA/PA request was found that originated with the plaintiff. William

Kammer Declaration (Kammer Decl) at ¶ 3.

11. Since this office has no record of receiving the plaintiff's original request, there was no search

to be conducted. Kammer Decl. at ¶ 4.

12. On 28 September 2007, Plaintiff filed his complaint initiating this litigation. Koch Decl. at ¶ 24.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT BREHM** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1739 (RMU)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION OF RECORDS

### INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the Central Intelligence Agency. As evidenced by the attached declarations of Scott Koch and William Kammer, in spite of a reasonable search, defendant DoD found no request from plaintiff and defendant CIA has found no responsive documents. Summary judgment should be granted on behalf of defendant agencies.

### Factual and Procedural Background

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

## ARGUMENT

### I.    Any FOIA Claims Against Individual Defendant Koch and DoD Must Be Dismissed

#### A. Standard for Motion to Dismiss

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)); *accord* Erickson v. Pardus, 551 U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 1964-65;see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S.Ct. at 1965 (*citations omitted*). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,' " id.(*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed.R.Civ.P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w]' that the pleader is entitled to relief,' " id. at 1966 (quoting Fed.R.Civ.P. 8(a)(2)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable

factual inferences drawn from well-pleaded factual allegations. Lowe v. Drug Enforcement Admin, 2007 WL 2104309, (D.D.C. 2007) (quoting In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F.Supp. 914, 915 (D.D.C.1994)).

As set forth below, because the individual defendant Koch is not the proper party defendant in a FOIA action and plaintiff has failed to state a claim for which relief can be granted as to Defendant DoD therefore all such claims against these defendants must be dismissed.

**B. There is No FOIA Cause of Action Against Individual Defendant Koch**

Any FOIA claim against Scott Koch, the Chief, Public Information Programs Division (PIPD), Central Intelligence Agency must be dismissed because he is not proper party to such action. Ginarte v. Mueller, 534 F.Supp.2d 135 (D.D.C., 2008).

It is well established by now that "[i]ndividual federal employees are not subject to suit under FOIA."Thomas v. Federal Aviation Admin., 2007 WL 219988, 3 (D.D.C.); see also Whittle v. Moschella, 756 F.Supp. 589, 596 (D.D.C.1991) ("The jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials.") (citing Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir.1987); Sherwood Van Lines v. United States Dep't of Navy, 732 F.Supp. 240, 241 (D.D.C.1990); Canadian Javelin v. SEC, 501 F.Supp. 898, 904 (D.D.C.1980)). "The only proper defendant 137 in a FOIA case is a federal agency." Thomas, 2007 WL 219988, at 3 (citing Jefferson v. Reno, 123 F.Supp.2d 1, 3 (D.D.C.2000); Whittle, 756 F.Supp. at 596). In fact, the only proper party under a FOIA cause of action are federal agencies. Moore v. Nat'l DNA Index System, No. 06-0362, 2007 U.S. Dist. LEXIS 92679 (D.D.C. Dec. 19, 2007). Thus, all claims against individually-named defendant Koch should be dismissed.

3

### C. Plaintiff has Not Exhausted his Administrative Remedies With Respect to Defendant DoD Therefore any claims against This Defendant Must Be Dismissed

Two requirements must be met in order for a FOIA request to be proper: (1) the request must "reasonably" describe the records sought, and (2) it must be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." See 5 U.S.C. § 552(a)(3)(A). The omission of one of the two threshold requirements for a proper FOIA request-that it abide by procedural guidelines-warrants dismissal. See Lowe v. Drug Enforcement Admin, 2007 WL 2104309, (D.D.C. 2007) (citing Kessler v. United States, 899 F.Supp. 644, 645 (D.D.C.1995) (When a plaintiff "did not address and mail his FOIA request to the office of the official who [was] responsible for the control of the records requested," he "failed to follow the procedures set forth in the [agency] regulations" and "failed to make a proper request under the FOIA and therefore [ ] failed to exhaust his administrative remedies" such that "his complaint must be dismissed."); Thorn v. Soc. Security Admin., Civ. No. 04-1282, 2005 U.S. Dist. LEXIS 11895 at 9 (D.D.C. June 11, 2005) ("A FOIA request sent to the wrong office is subject to dismissal for the requester's failure to exhaust administrative remedies."). See generally Church of Scientology of Cal. v. IRS, 792 F.2d 146, 150 (D.C.Cir.1986) (holding that a regulation directing a requester to mail his request to a specific address was an enforceable requirement)).

In this case, although plaintiff lists Defendant DoD in the case caption[2], there is no evidence that he ever properly submitted a FOIA request to that agency. See Declaration of William Kammer (Kammer Decl.) Nor does plaintiff allege that there was any correspondence with defendant DoD.

---

[2] Plaintiff, who is pro se, names the Department of Defense in the caption, however he does not list them as a party defendant subsequently on the complaint form. See generally Complaint.

See generally Complaint. Thus, plaintiff failed to show that he properly submitted a FOIA request that was denied or a response from which he sought appeal. Accordingly, he has failed to exhaust his administrative remedies.

## II.     Defendant CIA Is Entitled to Summary Judgment

### A.     Standard for Summary Judgment

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures.   5 U.S.C. § 552(a)(4)(B);  Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burnes v. CIA, No. 05-242 , U.S. Dist LEXIS 20114 at 2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto).  A court "may award

summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." Burns v. CIA, 2005 U.S. Dist LEXIS 20114; see also, Hayden, 608 F.2d at 1386-87.

Here, summary judgment should be entered in favor of defendant CIA.   A reasonable and adequate search was conducted producing no responsive records.  The attached declaration of Scott Koch contains reasonable specificity of detail regarding CIA's search.

### B.    Defendant CIA's Search Was Entirely Adequate

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986).  "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at 2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S.  App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982).  To fulfill an agency's obligations under FOIA,  the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  But the search need only be reasonable; it does not have to be exhaustive.  Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985).  In other words, "[t]he question is not 'whether there might exist

any other documents, but rather whether the *search* for those documents was adequate.'" <u>Steinberg v. U.S. Dept. of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. <u>Wilbur v. CIA,</u> 355 F.3d 675, 678, (D.C. Cir. 2004); <u>Nation Magazine v. United States Customs Serv</u>., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by Scott Koch, Chief, Public Information Programs Division (PIPD), Information Management Services (IMS), Office of the Chief Information Officer (CIO), Central Intelligence Agency (CIA) in Washington D.C., a reasonable, diligent, and adequate search was conducted. Extensive and repeated file searches were carried out by CIA Information and Privacy Coordinator in the Information Management Services (IMS). Koch Decl. ¶ 10. These searches were conducted in good faith and were reasonably calculated to uncover all responsive documents. Koch Decl. ¶¶ 10,19, 23, 23.

### III. OPPOSITION TO MOTION FOR *IN CAMERA* INSPECTION

On April 4, 2008, plaintiff filed a motion requesting *in camera* inspection of documents he has requested from defendant CIA in this action relating to him. Defendant has provided sworn affidavits that a thorough search has been executed and there are no records withheld from plaintiff. Therefore, the Court should deny that request based upon the information submitted into the record by Defendants.

### **CONCLUSION**

For the foregoing reasons, specifically because Defendant Koch is not a proper party to this FOIA suit; plaintiff has failed to state a claim against Defendant DoD; and Defendant CIA conducted

an adequate search, the defendants respectfully request that their motion to dismiss and motion for

summary judgment be granted. In addition, the defendants request that this Court deny Plaintiff's

Motion for *In Camera* Inspection

<div style="margin-left: 40%;">

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

___/s/_____

RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____

BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff *Pro se*

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Robert Brehm
FCI- Edgefield
P.O. Box 725
Edgefield, SC 29824

on this __th day of April  2008.

_____
BENTON G. PETERSON,
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT BREHM** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1739 (RMU)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **DEFENSE** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY** ) | |
| ) | |
| **Defendants.** ) | |
| ─────────────────────────── ) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), the defendants hereby submit the following material facts as to which there is no genuine dispute:

A. CIA

1. On or about February 14, 2007, plaintiff submitted a written FOIA/Privacy Act request to CIA. In his request, plaintiff asked for all records relating to himself: Robert Lyman Brehm. CIA assigned plaintiff's request reference number P-2007-00321. Declaration of Scott Koch (Koch Decl.) at ¶16.

2. By letter dated 5 March 2007, CIA acknowledged receiving plaintiff's letter, dated February 14, 2007. Koch Decl. at ¶17.

3.  The CIA processed plaintiff's request and conducted diligent searches of relevant systems of records that were reasonably calculated to discover any records responsive to plaintiff's request. Diligent searches failed to discover any responsive records.  Koch Decl. at ¶18.

4. In a response dated March 15, 2007, the CIA notified plaintiff that his request, and CIA's subsequent search, was processed in accordance with the Freedom of Information Act and the Privacy Act.  Koch Decl. at ¶19.

5. The CIA Information and Privacy Coordinator in the Information Management Services (IMS) is the initial reception point for all FOIA/Privacy Act requests.  Under the direction and supervision of the CIA Information and Privacy Coordinator, experienced IMS information management professionals analyze each request and determine which CIA components might reasonably be expected to possess records responsive to a particular request.  IMS then transmits a copy of the request to each relevant component.  When a request is broad, it is quite common for IMS to transmit the request to many components.  Because CIA's records systems are decentralized and compartmented, each component must then devise its own search strategy, which includes identifying which of its records systems to search as well as what search tools, indices, and terms to employ.  The information management professionals in each component conducting FOIA/Privacy Act searches are the same professionals searching records to support the component's daily mission. Koch Decl. at ¶10.

6. CIA informed plaintiff that it found no records responsive to plaintiff's request.  CIA also

2

informed plaintiff that he had a right to appeal the finding to the Agency Release Panel. Koch Decl. at ¶19.

7. By letter dated, April 20, 2007, plaintiff exercised his right to appeal CIA's final response. Koch Decl. at ¶20.

8. On May 3, 2007, CIA accepted plaintiff's appeal. Koch Decl. at ¶21.

9. As part of Plaintiff's appeal, the relevant components conducted another thorough search and, once again, were unable to locate any records pertaining to Plaintiff. Koch Decl. at ¶ 22.

8. In a letter dated, July 12, 2007, CIA's Agency Release Panel notified plaintiff that "despite thorough and diligent searches of the appropriate records systems, we were unable to locate any records responsive to your request," and accordingly, denied plaintiff's appeal. Koch Decl. at ¶ 23.

B. Department of Defense

10. The Office of Freedom of Information (OFOI) reviewed plaintiff's complaint to determine the specific FOIA or Privacy Act (PA) request that serves as its basis. Because plaintiff does not mention a specific FOIA or PA request submitted to the Department of Defense (DoD), OFOI queried its database of FOIA/PA requests to determine if OFOI had ever received a request from the plaintiff. This database is electronic and contains records of all FOIA and PA requests received by OFOI for over 20 years. This database does not contain records on all the FOIA or PA requests

3

received throughout the DoD; however, because OFOI is the office to receive FOIA/PA requests

when  a requester is unsure where to direct a request, OFOI is the most reasonable location to search

for a request from the plaintiff.  An electronic search was made of this database by OFOI.  To allow

for possible misspellings of plaintiff's last name, the search terms used were "Brehm", "Brhem",

"Breh", and "Brhe".  No FOIA/PA request was found that originated with the plaintiff. William

Kammer Declaration (Kammer Decl) at ¶ 3.


11. Since this office has no record of receiving the plaintiff's original request, there was no search

to be conducted. Kammer Decl. at ¶ 4.


12. On 28 September 2007, Plaintiff filed his complaint initiating this litigation. Koch Decl. at ¶ 24.


<div align="center">

Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT BREHM,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )  Case Number 07:1739 RMU
                                     )
DEPARTMENT OF DEFENSE, et al.,       )
                                     )
            Defendants.              )
_____ )


## DECLARATION OF SCOTT A. KOCH
## INFORMATION AND PRIVACY COORDINATOR
## CENTRAL INTELLIGENCE AGENCY

I, SCOTT A. KOCH, hereby declare and say:

1. I am the Chief, Public Information Programs Division (PIPD), Information Management Services (IMS), Office of the Chief Information Officer (CIO), Central Intelligence Agency (CIA). I serve as the CIA Information and Privacy Coordinator (Coordinator). I have held these positions since 9 August 2004. I make this declaration in support of CIA's motion for summary judgment in this proceeding.

2. I have served with the United States Government for more than sixteen years and, in addition to my current

positions, have held other supervisory positions with the CIA in the field of information review and release.

3. In my capacities as Chief of PIPD/IMS and Coordinator, I am responsible for managing the Freedom of Information Act (FOIA), Privacy Act, and Executive Order 12958[1] Mandatory Declassification Review programs in the CIA. These responsibilities include directing searches of CIA records systems pursuant to public requests for records under these programs, and coordinating the reviews of any records retrieved in such searches. These review processes include undertaking any intra-agency and inter-agency coordination and referrals necessary in light of the information found in responsive records.[2]

4. As part of my official duties, I ensure that the Agency administratively processes FOIA and Privacy Act requests, including the search, retrieval, analysis, review, redaction, and release of documents, in accordance

---

[1] Executive Order 12958 was amended by Executive Order 13292. See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003). All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292. See Exec. Order No. 12,958, 3 C.F.R. 333 (1996), reprinted as amended in 50 U.S.C.A. § 435 note at 187 (West Supp. 2007).

[2] A "coordination" occurs when a CIA-originated document contains information from another agency, and the CIA contacts that agency to obtain guidance on whether to release or withhold that agency's information. A "referral" occurs when CIA possesses a document that originated with another agency. In such a case, CIA transmits the document to the originating agency for a direct response to the FOIA or Privacy Act requestor.

with the law and as efficiently as possible with the personnel and resources available.

5.  Through the exercise of my official duties, I am familiar with this civil action.  I make the following statements based upon my personal knowledge and the information made available to me in my official capacity.

6.  This declaration is divided into two parts.  Part I describes CIA's records systems, and its procedures for responding to FOIA/Privacy Act requests.  Part II describes the actions the Agency took in responding to Plaintiff's FOIA/Privacy Act request.[3]

## I.    CIA RECORDS SYSTEMS & PROCEDURES FOR PROCESSING FOIA/PRIVACY ACT REQUESTS

7.  Any intelligence or security agency continually faces the risk that there may be a spy within its ranks. Prudence dictates that an agency take appropriate counterintelligence and security precautions to minimize the potential damage to national security that could result from a spy in the agency's midst.  One way to minimize such

---

[3] The Plaintiff submitted a written request for all records on himself. It is Agency policy to process all such requests under both the FOIA and the Privacy Act in order to ensure the maximum possible disclosure to the requester.  See 32 C.F.R. 1901.21(a).

damage is to limit strictly the amount of information to which any particular employee has access.

8. CIA uses a "need-to-know" policy to limit employee access to information. Employees have access only to the information they require to do their jobs. CIA implements this policy through decentralizing and compartmenting its records systems.

9. While the counterintelligence advantage of this practice is obvious, one disadvantage is equally obvious: the inherent inefficiencies created in the records search and retrieval processes. These inefficiencies affect not only the day-to-day activities of CIA employees trying to perform their mission, but also the process of responding to FOIA/Privacy Act requests.

10. The CIA Information and Privacy Coordinator in the Information Management Services (IMS) is the initial reception point for all FOIA/Privacy Act requests. Under the direction and supervision of the CIA Information and Privacy Coordinator, experienced IMS information management professionals analyze each request and determine which CIA components might reasonably be expected to possess records responsive to a particular request. IMS then transmits a copy of the request to each relevant component. When a request is broad, it is quite common for IMS to transmit

the request to many components. Because CIA's records systems are decentralized and compartmented, each component must then devise its own search strategy, which includes identifying which of its records systems to search as well as what search tools, indices, and terms to employ. The information management professionals in each component conducting FOIA/Privacy Act searches are the same professionals searching records to support the component's daily mission.

11. After a tasked component locates documents in response to the FOIA/Privacy Act request, officers must review the documents to determine whether they are responsive to the request. Because of the nature of a particular records system, or the search tools, indices, or terms employed, a search may locate many documents that are not responsive to the request.

12. After officers remove the non-responsive documents, the Information Review Officers must then review the remaining documents to determine which, if any, FOIA and Privacy Act exemptions apply, and whether they can reasonably segregate non-exempt information from exempt information. In evaluating responsive documents, officers must segregate exempt information to avoid the inadvertent disclosure of classified information, information

concerning intelligence sources and methods, or other
information FOIA and Privacy Act exemptions protect from
disclosure.  This process is laborious and time-consuming.

13.  In the course of reviewing documents for exempt
information and segregability, a component frequently
identifies information that it must coordinate with or
refer to another CIA component or another agency because
the other component or agency originated the information or
otherwise has equities at stake.[4]  This coordination and
referral process itself can be quite time-consuming because
other components and agencies have their own mission and
FOIA/Privacy Act priorities.

14.  When all of the components and agencies complete
their respective reviews, IMS professionals, under my
direction and supervision, incorporate all of their
recommendations regarding exemption, segregation,
redaction, and release.  These IMS professionals then
conduct a review from a corporate perspective on behalf of
the entire CIA.  In this review, IMS professionals resolve
conflicting recommendations, ensure that the release or
withholding determinations comply with law and published
CIA regulations, identify additional exempt information
that reflects overall CIA equities, ultimately produce the

---

[4] See Exec. Order No. 12958 § 3.6(b).

6

integrated final record copy of each document, and respond to the requestor.

15.   In response to a broad FOIA/Privacy Act request, the searches may locate many documents in many components. When considered individually, a particular document may not indicate on its face that it contains exempt information. Nevertheless, when reviewers consider all responsive documents in total, it frequently becomes apparent that, considered collectively, the documents reveal information exempt from release.  For this reason, we cannot make final release determinations with respect to any particular document until we review all responsive documents.  In certain instances, the CIA Information & Privacy Coordinator may withhold additional information whenever it is necessary to apply FOIA and Privacy Act exemptions to protect overall CIA equities.

## II.  **PLAINTIFF'S FOIA/PRIVACY ACT REQUEST**

16.   Plaintiff submitted a written FOIA/Privacy Act request to CIA dated 14 February 2007.  In his request, Plaintiff asked for all records relating to himself: Robert Lyman Brehm.  A true and correct copy of Plaintiff's 14

February 2007 letter is attached as Exhibit 1 hereto.  CIA

assigned Plaintiff's request reference number P-2007-00321.

17.  By letter dated 5 March 2007, CIA acknowledged

receiving Plaintiff's 14 February 2007 letter.  A true and

correct copy of CIA's 5 March 2007 letter is attached as

Exhibit 2 hereto.

18.  The CIA processed Plaintiff's request in

accordance with the procedure described above in Part I of

this Declaration.  The CIA conducted diligent searches of

relevant systems of records that were reasonably calculated

to discover any records responsive to Plaintiff's 14

February 2007 request.  Diligent searches failed to

discover any responsive records.

19.  In its 15 March 2007 response, CIA notified

Plaintiff that his request, and CIA's subsequent search,

was processed in accordance with the Freedom of Information

Act and the Privacy Act.  CIA informed Plaintiff that it

found no records responsive to Plaintiff's request.  CIA

also informed Plaintiff that he had a right to appeal the

finding to the Agency Release Panel.  A true and correct

copy of CIA's 15 March 2007 letter is attached as Exhibit 3

hereto.

20.  By letter dated 20 April 2007, Plaintiff

exercised his right to appeal CIA's final response.  A true

and correct copy of Plaintiff's 20 April 2007 letter is attached as Exhibit 4 hereto.

21. On 3 May 2007, CIA accepted Plaintiff's appeal. A true and correct copy of CIA's 3 May 2007 letter is attached as Exhibit 5 hereto.

22. As part of Plaintiff's appeal, the relevant components conducted another thorough search and, once again, were unable to locate any records pertaining to Plaintiff.

23. In a 12 July 2007 letter, CIA's Agency Release Panel notified Plaintiff that "despite thorough and diligent searches of the appropriate records systems, we were unable to locate any records responsive to your request," and accordingly, denied Plaintiff's appeal. A true and correct copy of CIA's 12 July 2007 letter is attached as Exhibit 6 hereto.

24. On 28 September 2007, Plaintiff filed his complaint initiating this litigation.

<p align="center">*   *   *   *</p>

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this _20th_ day of November, 2007.


_Scott A. Koch_

Scott A. Koch, Ph.D.,
Information and Privacy Coordinator
Central Intelligence Agency

2/14/07

P-2007-00321

scott Koch
central Intelligence Agency
information and Privacy coordinator
Washington DC 20505

P-

This letter will serve as my request Pursuant to the Provisions of the Freedom of information Act Title 5, united states code, Section 552, in conjunction with the privacy Act Title 5 U.S.C, Section 552(a). I wish to obtain a copy of all documents retrievable in a search for files listed under my name, Robert Lyman Brehm or Identity assigned to, as well as a copy of all documents contained in any other files. I ask that you check for additional records in your field offices in the following areas: Brazil, Venezuela. As provided in the Freedom of Information Act I will expect to receive a reply within twenty (20) working days.

Privacy Act statement. in accordance with 28 CFR Section 16.41(d) Personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. section 552a, is required. the purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in civil action being taken on the request. False information on this form may subject the the requester to criminal penalties under 18 U.S.C. Section 1001 and or 5 U.S.C. Section 522a(i)(3). Full name of Requester. ROBERT LyMAN BREHM Current Address Federal correctional Institution P.O. Box 725, Edgefield SC 29824, Date of Birth 7/5/79, Place of Birth Sellersville, PA Social Security Number 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, I declare under penalty of perjury under the laws of the united states of America, that the foregoing is true and correct, and that I am the above named, and I understand that any falsification of this statement is punishable under the Provisions of 18 U.S.C. section 1001 by a fine of not more than $10,000. or by imprisonment of not more then five years or both, and that requesting or obtaining any record(s) under false-pretenses is punishable under the provisions of 5 USC 552a(i)(3) by a fine of not more then $5,000.

Signature _____    Date 2/14/07



Central Intelligence Agency

Washington, D.C. 20505

MAR 0 5 2007

Mr. Robert L. Brehm #70242-004
FCI Edgefield
P.O. Box 723
Edgefield, SC 29824

Reference: P-2007-00321

Dear Mr. Brehm:

We have received your 14 February 2007 letter requesting records pertaining to you. We have assigned your request the reference number above. Please use it when communicating with us so that we can easily identify your request.

We have accepted your request and will process it according to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a. Unless you object, we will search for CIA-originated records existing through the date of this acceptance letter. We will not charge fees.

The large number of FOIA requests CIA receives has created unavoidable processing delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you tell us otherwise.

Sincerely,

*Chris K.*

for Scott Koch
Information and Privacy Coordinator

2



Central Intelligence Agency

Washington, D.C. 20505

**MAR 1 5 2007**

Mr. Robert L. Brehm #70242-004
FCI Edgefield
P.O. Box 723
Edgefield, SC 29824

Reference: P-2007-00321

Dear Mr. Brehm:

This letter is a final response to your 14 February 2007 request for information about you. We processed your request under the Freedom of Information Act and the Privacy Act. We searched for CIA-originated records existing through the date of our 5 March 2007 acceptance letter.

We were unable to identify any information or records filed under your name.

Our searches were thorough and diligent, and it is highly unlikely that another effort would change the result. Nevertheless, you have the legal right to appeal our inability to find relevant records. You may address your appeal to the Agency Release Panel, in my care, within 45 days of the date of this letter. Please explain the basis of your appeal.

We appreciate your continued patience and understanding while we processed your request.

Sincerely,

Chris K.

for Scott Koch
Information and Privacy Coordinator

3

Agency Release Panel
in care of chris.k
information and Privacy coordinator
Central Intelligence Agency
Washington, DC. 20505

RE: FOIA/PA Appeal : P-2007-00321

Dear chris.K
This is my FOIA/PA appeal and my basis is.
documents in your agency's fields, consisting of communications to CIA from
committee of congress, requesting information from CIA relating to congressional
inquiries or seeking advice concerning content of proposed committee reports
and various internal congressional working papers, are not exempt from
disclosure, as inter-agency or intra-agency memoranda or letters. since
documents Reflect deliberations of congress, rather than CIA, and
congress is not "agency" under Act. Holy spirit Asso for unification
of world christianity V CIA (1983 DC Dist col) 558 F supp41, 12 Fed
Rules Evid serv 1145


Sincerely,                                    date 4/20/07

                                             Robert Brehm 70242-004
                                             FCI edgefield
                                             P.O. Box 725
                                             edgefield, SC 29824

                                                                    4



Central Intelligence Agency

Washington, D.C. 20505

3 May 2007

Mr. Robert L. Brehm #70242-004
FCI Edgefield
P.O. Box 723
Edgefield, SC 29824

Reference: P-2007-00321

Dear Mr. Brehm:

We received your 20 April 2007 letter appealing the 15 March 2007 determination of this agency in response to your Freedom of Information Act and Privacy Act request for information on yourself.

We interpret your letter as an appeal of the adequacy of our search, which resulted in the determination that no records responsive to your request were located.

Your appeal has been accepted and arrangements will be made for its consideration by the appropriate members of the Agency Release Panel. You will be advised of the determinations made.

In order to afford requesters the most equitable treatment possible, we have adopted the policy of handling appeals on a first-received, first-out basis. At the present time, our workload consists of approximately 200 appeals awaiting completion. In view of this, some delay in our reply must be expected, but I can assure you that every reasonable effort will be made to complete a response as soon as possible.

Sincerely,

Scott Koch
Information and Privacy Coordinator



Central Intelligence Agency

Washington, D.C. 20505

Mr. Robert L. Brehm #70242-004                        JUL 12 2007
FCI Edgefield
P.O. Box 723
Edgefield, SC 29824

Reference: P-2007-00321

Dear Mr. Brehm:

This responds to your 20 April 2007 letter appealing our 15 March 2007 response to your Freedom of Information Act and Privacy Act request for information on yourself. Specifically, you are appealing our determination that we were unable to identify any information or records filed under your name.

The Agency Release Panel has considered your appeal and has determined that despite thorough and diligent searches of the appropriate records systems, we were unable to locate any records responsive to your request. Therefore, in accordance with Agency regulations, the Agency Release Panel has denied your appeal. For your information, Agency regulations are set forth in parts 1900 and 1901 of title 32 of the Code of Federal Regulations.

Under the provisions of the Freedom of Information Act and the Privacy Act, you have the right to seek judicial review of this determination in a United States district court.

Sincerely,

ORIGINAL SIGNED

Scott Koch
Information and Privacy Coordinator

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Brehm | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Case No.  07-01739 |
| Department of Defense | ) |
| Central Intelligence Agency | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |

---

### DECLARATION OF WILLIAM T. KAMMER

---

I, William T. Kammer, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge:

1.  I am the Chief, Office of Freedom of Information (OFOI), Executive Services Directorate (ESD), Washington Headquarters Service, Department of Defense (DoD) and have held that position since August 2005.  As Chief, I am responsible for implementation of the DoD Freedom of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction on FOIA matters.  See 32 CFR 286.  Additionally, I supervise the processing of initial FOIA requests for documents within the possession and control of the Office of the Secretary of Defense (OSD) and the Office of the Chairman of the Joint Chiefs of Staff (Joint Staff).  I also supervise the processing of FOIA appeals for the OSD and the Joint Staff.

1

2. I am familiar with the subject litigation. The statements in this declaration are based upon my personal knowledge, upon my review of information available to me in my official capacity, and upon my conclusions.

3. OFOI reviewed the complaint after receipt to determine the specific FOIA or Privacy Act (PA) request that serves as its basis. Because plaintiff does not mention a specific FOIA or PA request submitted to the DoD, OFOI queried its database of FOIA/PA requests to determine if OFOI had ever received a request from the plaintiff. This database is electronic and contains records of all FOIA and PA requests received by OFOI for over 20 years. This database does not contain records on all the FOIA or PA requests received throughout the DoD; however, because OFOI is the office to receive FOIA/PA requests when a requester is unsure where to direct a request, OFOI is the most reasonable location to search for a request from the plaintiff. An electronic search was made of this database by OFOI. To allow for possible misspellings of plaintiff's last name, the search terms used were "Brehm", "Brhem", "Breh", and "Brhe". No FOIA/PA request was found that originated with the plaintiff.

4. Since this office has no record of receiving the plaintiff's original request, there was no search to be conducted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.

Dated this **17th** day of April, 2008, at Arlington, Virginia.

*William T. Kammer*

William T. Kammer

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROBERT BREHM** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1739 (RMU)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Upon consideration of defendants' motion to dismiss and for summary judgment, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this        day of            , 2008,

ORDERED that defendants' motion to dismiss and for summary judgment be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT