RECEIVED

MAY 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT BREHM            )
                        )
       Plaintiff,       )
                        )
   v.                   )   Civil Action No. 07-1739 (RMU)
                        )
UNITED STATES DEPARTMENT OF )
DEFENSE                 )
                        )
and                     )
                        )
CENTRAL INTELLIGENCE AGENCY )
                        )
       Defendants.      )
_____)

PLAINTIFFS MOTION TO STRIKE AND
ARGUMENT FOR IN CAMERA INSPECTION

# PLANTIFFS MOTION TO STRIKE

Pursuant to Fed.R.Civ.P 12(f) Plantiff moves to strike DoD and scott Koch from the above captioned case as defendants.

## INTRODUCTION

this case arises under the freedom of information Act (FOIA) 5§552 the Privacy Act 5§552a (PA), Federal records Act (FRA) 44§3106 as evidenced by the affidavits of the defendant in spite of a search by CIA and DoD found no responsive documents. the complaint containd a short and plain statement of the claim showing that the pleader is entitled to relief pursuant to 5§552, 552a, 44§3106. the defendant was given fair notice of the claim was improperly withheld agency records as this is a FOIA action that rests on the grouds that agency records where illegaly moved or distroid. see cause of action (III)

## ARGUMENT

the duest diligence cant find something that has bin illegally removed from the CIA. Summary Judgment should not be granted on behalf of the defendant as their is genuine issue of material fact as in spite of a search the DoD and CIA found no records of the Plaintiff. The Plaintiff submits his own affidavits as documentary evidence contradicting the reasonability of the DoD and CIA search. the NSA relied upon 50§403-1(i) as a withholding exemption when it denied my FOIA request on march 16 2007. esentialy 50§403-1(i) is a exempting statute of the CIA. see CIA v Sims 471 U.S 159, 167, 105 SCT 1881, 85 LEd2d 173 (1985) the CIA cant claim a exemption to records that don't exist.

Plaintiff has Exhausted his Administrative remedies with respect to the CIA FOIA request.

## DEFENDANT CIA SEARCH WAS NOT ADEQUATE

when responding to my FOIA request the CIA never advisd me that the request was sent to the worng official who was not responsible for the control of the records requested thay infact stated I had the right to seek judicial review the CIA never forwarded my request to any other agency. when an agency receives a FOIA request for agency records in it's possession it must take responsiblity for processing the request. it cannot simply refuse to act on the grounds that the documents originated elsewhere.

an agency in possession of documents responsive to a FOIA request that it has received from another agency would forward them to the originating body in lieu of processing them itself if and only if they satisfied an intent to control test.
to minimize the burden on the requester, this notification and referral would be accorded the status of a FOIA request the person seeking information would thereby be relieved of the duty to submit a separate demand to the originating agency.

2

# ADEQUACY OF CIA CEARCH

all or most CIA records are maintained by several directorates or offices; 1-3 are are operational files of the CIA as defined by the CIA ① Directorate of operations ② Directorate of science and technology ③ office of Personnel Security, the directorate of intelligence, the mission support offices and the director of central intelligence area.

All are subject to search and review for information concerning a FOIA/PA request as I am a U.S. Citizen who has requested information on themselvess Pursuant to FOIA/PA of which the subject matter is of an, investigation by the congressional intelligence committees, the intelligence oversight board, the Department of Justice, the office of general counsel of the central intelligence Agency, or office of the director of the central intelligence Agency for violation of law, Executive order, or Presidential directive, in the conduct of an intelligence activity.

the CIA affidavit must acknowledg the existence of documents could Jeopardize the confidentiality of CIA soures or methods under exemptions. miller at 730 F2d 778.
the Privilege of state secrets requires the head of an agency to invoke the Privilege. see U.S. V Reynolds 345 U.S. 1, 7-8, 73 SCT 528, 97 LEd 727 (1953)

3

## ADEQUACY OF CIA CEARCH

categorical description of material is properly rejected in the D.C. Circuit as clearly inadequate, King 830 F2d at 224. the categorical approach affords no opportunity to argue for release of particular documents the principal affidavits of the CIA makes no reference to any particular document at all.

the CIA bears the burden of proving the justifications are not controverted by contrary evidence in the record or by evidence of CIA bad faith Hunt, 981 F2d at 1119, the CIA must do more then show simply that it has acted in good faith. see Wiener V FBI 943 F2d 972, 983 n¹⁹ (9th cir 1991)

evidence supports the claim that CIA has improperly limited the scope of its search in response to my FOIA request for records pretaining to my self, as the government is not entitled to summary judgment on the adequacy of its search if it can be shown that it could reasonably be expected to produce the information requested. (Weisberg V U.S. Department of Justice 745 F2d 1476, 1485, D.C. cir 1984)

4

# DEFENDANT CIA IS NOT ENTITLED TO SUMMARY JUDGMENT

witholding of records is gauged by the time at which the request is made to the agency 2/14/07 since there is no obligation to retain records prior to request we need decide whether it was shown that an agency official purposefully routed the FOIA request or documents out of agency possession in order to circumvent the FOIA request.

when documents requested under FOIA are wrongfully distroyd or removed to the possession of a Party not an "agency" or not in that agency. the agency which received the request is "improperly withholding" those materials by its refusal to initiate a retrieval action. the agency continues to have custody or control of records after they were removed from its files. thus an agency has a legal right to regain possession of documents wrongfully removed from its files it continues to have custody of those documents.

so that Refusal to take any steps to demand or request, that the documents be returned is deemed "withholding" those documents for the Purpose

as the defendant agency has demonstrated that it has "withheld" requested records in violation of the standards established by congress the federal courts have authority to order the production of such records under the Freedom of information Act. as FOIA vests Jurisdiction in federal district court to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complaint.

5

DEFENDANT CIA IS NOT ENTITLED TO SUMMARY JUDGMENT

Possession or control is a indispensable prerequisite to ~~liabity~~ liability in a suit under FOIA for disclosure, it can be said the CIA had possession or control of the documents at the time the request was received, and therefore did improperly withhold agency records. see Kissinger 100 S.Ct 960 (1980)

their is right of action to recover records unlawfully removed from the CIA as Agency heads and Archivists are subject to Judicial review of 44 §3106 under APA 5§70 lest to which FOIA is a part, authorizes the district court to entertain a properly pleaded claim that the Archivist or an agency head has breached the statutory duty to take enforcement action to prevent an agency official from destroying records in contravention of the agencys recordkeeping guidelines or to recover records unlawfully removed from that agency. Armstrong V Bush (1991) 288 U.S. APP D.C. 38, 924 F2d 282.

agencies are obligated to preserve records pursant to the federal records Act. FRA The D.C. cir court specifically held that; if the guidelines issued by and at the direction of the defendant agency is inadequate and not reasonable arbitrary or capricious to law in that they permit the destruction of records contrary to the FRA Armstrong V Executive office of the President 810 F supp 335, 350 (D.D.C 1983) the court will strike down the defendants guidelines as inadequate and order the preservation of all ~~required under the FRA, to~~ records ~~fr~~ the court has made it clear that the defendant are required under the FRA, to promulgate oppropriate and proper new guidelines.

6

## DEFENDANT CIA IS NOT ENTITILED TO SUMMARY JUDGMENT

when actions arises under (APA) congress has expressly waived all soverign immunity 5§702 McBride, 955 F2d at 580-82 and does not prevent the imposition of coercive sanctions against the agency. and are nessessary to ensure that the executive branch of government does not treat with impunity the valid orders of the judicial branch. nelson V steiner 279 F2d 944, 948 (7th cir 1960)

## PLAINTIFFS ARGUMENT IN SUPPORT OF MOTION FOR IN CAMERA INSPECTION

the CIA has a firm statutory duty to make resonable efforts to satisfy request. in sum the CIA must meet its burden on summary judgment to demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevent documents. Nation Magazine V united states customs serv, 71 F3d 885, 890, (D.C. cir 1995)

the court should not rely on statement in the affidavits without independent examination of the documents withheld. agency badfaith is relevant because it udermines the crediblity of the agency statement. where information provided by CIA is insufficient to permit court to rule on CIA's clams of FOIA exemptions, it requires court to conduct in camera review. trulock V DoJ (2003, DC. Dist col) 257 Fsupp 2d 48.

7

## CONCLUSION

For the foregoing reasons the defendant CIA motion to dismiss and motion for summary judgment should not be granted. As an adequate search was not conducted, the plaintiff request that this court grant motion for in camera inspection

Respectfully submitted

Robert Brehm 70242-004
FCI edgefield
P.O. Box 725
Edgefield SC, 29824

## CERTIFICATE OF SERVICE

I certify that the foregoing motion was served upon Defendant by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to: BENTON G PETERSON, Bar #1029849 Assistant United States Attorney, Judiciary center Building 555 4th street, N.W civil Division, Washington, D.C. 20530

On this 23 day of may 2008

Robert Brehm





**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 52568
22 March 2007

Mr. Robert L. Brehm
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

Dear Mr. Brehm:

    This responds to your 10 March 2007 Freedom of Information Act (FOIA) and Privacy Act (PA) request which was received by this office on 16 March 2007, for a copy of all records this Agency maintains on you. Your letter has been assigned Case Number 52568. Please refer to this case number when contacting us about your request. Your request has been processed under the provisions of the FOIA and the PA. There are no assessable fees for this request.

    Personnel management files are maintained on NSA/CSS affiliates. Therefore, a search of our most comprehensive filing systems which include applicant, personnel, security, medical, and training was conducted pursuant to the Privacy Act. Our records reflect that you have never been affiliated with this Agency; thus, no records were located in a search of those filing systems.

    As you may be aware, the President of the United States "authorized the National Security Agency [(NSA)], consistent with U.S. law and the Constitution, to intercept the international communications of people with known links to al Qaeda and related terrorist organizations." The President also noted that, "[t]his is a highly classified program that is crucial to our national security."

    Rest assured that safeguards are in place to protect the civil liberties of U.S. citizens. However, because of the classified nature of the National Security Agency's efforts to prevent and protect against terrorist attacks, we can neither confirm nor deny whether records relating to you under this program exist, or whether any specific technique or method or activity is

FOIA Case:  52568 AP 3144

employed in that effort. The fact of the existence or non-existence of responsive records is a currently and properly classified matter in accordance with Executive Order 12958, as amended. Thus, your request is denied pursuant to the first exemption of the FOIA, which provides that the FOIA does not apply to matters that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign relations and are properly classified pursuant to such Executive Order.

Moreover, the third exemption of the FOIA provides for the withholding of information specifically protected from disclosure by statute. Thus, your request is also denied because the fact of the existence or non-existence of the information is exempted from disclosure pursuant to the third exemption. The specific statutes applicable in this case are Title 18 U.S. Code 798; Title 50 U.S. Code 403-1(i); and Section 6, Public Law 86-36 (50 U.S. Code 402 note).

As your request is being denied, you are hereby advised of this Agency's appeal procedures. Any person denied access to information may file an appeal to the NSA/CSS Freedom of Information Act/Privacy Act Appeal Authority. The appeal must be postmarked no later than 60 calendar days of the date of the initial denial letter. The appeal shall be in writing addressed to the NSA/CSS FOIA/PA Appeal Authority (DJ4), National Security Agency, 9800 Savage Road STE 6248, Fort George G. Meade, MD 20755-6248. The appeal shall reference the adverse determination and shall contain, in sufficient detail and particularity, the grounds upon which the requester believes that the determination is unwarranted. The NSA/CSS FOIA/PA Appeal Authority will endeavor to respond to the appeal within 20 working days after receipt, absent any unusual circumstances.

Sincerely,

LOUIS F. GILES
Director of Policy



# DEFENSE INTELLIGENCE AGENCY

WASHINGTON, D.C. 20340-5100



U-4,500/DAN-1A (FOIA)

Mr. Robert Lyman Brehm 70242-004
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

Dear Mr. Brehm:

This is to confirm that we have received your Privacy Act (PA) request dated 20 February 2007 and assigned it case number PA-0050-07. Please use this number in all future correspondence with us about this matter.

There is a substantial delay in processing requests, and it is impossible for us to forecast when your case will be completed. We solicit your patience and understanding and assure you that we will process your request as soon as possible. Please contact the DIA FOIA Requester Service Center at 202-231-3916 with any questions or for further information.

Sincerely,

Margaret A. Bestrain
Chief, Public Access Branch

Office of the Special Agent in Charge
U.S. Department of Homeland Security
8075 NW 53rd Street
Miami, FL 33166



U.S. Immigration
and Customs
Enforcement

SEP 28 2007

Robert Lyman Brehm
Reg. No. 70242-004
C/O FCI Edgefield
Post Office Box 725
Edgefield, South Carolina 29824

Re: **2007-FOIA-53298 New FOIA Case Number**
    **2007-009 Old FOIA Case Number**

Dear Mr. Brehm:

This is the final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated February 14, 2007, and received by this office on March 1, 2007. You are seeking records pertaining to yourself.

To provide you with the greatest degree of access authorized by law, we have considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

A search of the Office of the Special Agent in Charge, Miami, Florida for documents responsive to your request produced a total of 25 pages. Of those pages, I have determined that the 25 pages are partially releasable.

Enclosed are 25 pages with certain information withheld as described below.

**FOIA Exemption 2(high)** protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manual of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of an agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. Whether there is any public interest in disclosure is legally irrelevant. Rather, the concern under high 2 is that a FOIA disclosure should not benefit those attempting to violate the law and avoid detection.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

Robert Lyman Brehm
Page 2

**FOIA Exemption 2(low)** protects information applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. *The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.* The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination. *The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.*

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of the FOIA [AND PRIVACY ACT] allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge. 6 CFR § 5.11(d)(4).