UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT BREHM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1739 (RMU) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| DEFENSE ) | |
| ) | |
| and ) | |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION**

Defendants, Central Intelligence Agency (CIA)[1] and Department of Defense (DoD), oppose plaintiff's motion for *in camera* inspection of alleged records held by defendant in this Freedom of Information Act (FOIA) matter.

On April 4, 2008, plaintiff filed a motion requesting *in camera* inspection of documents he has requested from defendant Central Intelligence Agency (CIA) in this action relating to him. Defendants, at the time of filing their dispositive motion, provided sworn affidavits that a thorough search has been executed and there are no records withheld from plaintiff. Plaintiff has not challenged those affidavits to provide any evidence to the contrary.

---

[1] Although not listed in the case caption, plaintiff also has listed Scott Koch, Chief, Public Information Programs Division (PIPD), Central Intelligence Agency as an individually-named defendant in this FOIA action. See Complaint at 1. As explained in defendants' dispositive motion, Defendant Koch is not a proper party to this action as the court lacks jurisdiction over him in this FOIA action. Plaintiff apparently concedes this point and also seeks to drop his complaint against DoD. See Plaintiff's Motion for *In Camera* Inspection and Motion to Strike at 2.

In plaintiff's motion for *In Camera* Inspection, he asserts that defendant has allegedly withheld documents or that they were illegally moved or destroyed. See Plaintiff's Motion for *In Camera* Inspection at 2-4.

To the extent that plaintiff concedes that no records exist, this action is moot. The FOIA does not require an agency to create documents that do not exist or to collect disparate data and then generate an agency record. See Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 99, 102-103 (D.D.C.,2008)(citing Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. at 152, 100 S.Ct. 960 ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."). An agency is required to produce only those records in its custody and control at the time of the FOIA request. See McGehee v. CIA, 697 F.2d 1095, 1110 (D.C.Cir.1983).

If plaintiff seeks some level of discovery to challenge the affidavits attesting to no records, his request should be denied. Plaintiff apparently seeks discovery in an attempt to prove that defendants were acting 'illegally' to withhold records from him. Plaintiff's Motion at 2-4. However, plaintiff presents no underlying support for this accusation. Moreover, the Court in Public Citizen Health Research Group v. Food and Drug Administration has stated:

> Discovery is to be sparingly granted in FOIA actions. Typically it is limited to investigating the scope of the agency's indexing procedures, and the like. See, e.g. SafeCard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C.Cir.1991). If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and that the plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate.

Pub. Cit'zn Health Researh. Group. v. FDA, 997 F. Supp.56, 72-73 (D.D.C. 1998) aff'd in part, rev'd in part and remanded (on other issues) 185 F.3d 898 (D.C. Cir. 1999).

Because plaintiff's request for substantive discovery is completely unsupported, not authorized under FOIA and presents no genuine issue of fact as to defendants' processing of plaintiff's FOIA request, plaintiff's request for an *in camera* inspection should be denied and defendants' pending dispositive motion should be granted . See Voinche v. F.B.I. 412 F.Supp.2d 60, 72 (D.D.C.,2006).

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

  /s
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov