UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT BREHM

Plaintiff,

V

CENTRAL INTELLIGENCE AGENCY

Defendant

RECEIVED
JUN 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No.
07-1739 (RMU)

PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION
FOR IN CAMERA INSPECTION

defendants sworn affidavits that a thorough search had been executed has and is challenged by evidence to the contrary. By the DOD themselves see. Department of defense affidavit of the National security agency.

To the extent that records do exist the agency is required to produce records in its custody or control the CIA has shown a intent to control via exempting statute 50 § 403(1)(i) of the CIA in the NSA affidavit which can only be done by an affidavit from the CIA provided to the NSA.

Intent to control is a prerequisite to custody of documents. the CIA is improperly withholding agency records as even if the documents are not in the possession of the CIA they still are improperly withheld records when an intent to control is shown. that constitutes custody or control and thus is improperly withholding agency records by its failure to regain possession of documents wrongfully removed from the agency it is been shown that the CIA could reasonably be expected to produce the information requested. as the adequacy of the CIA search cannot be considered adequate as the CIA has shown a intent to control DOD documents which is evidence to the contrary of the CIA claim of no records.

thus entitles Plaintiff to Prevail in FOIA action as the court has Jurisdiction to enjoin an agency from improperly withholding agency records

Discovery is necessary to the extent that when discovery of government documents is sought in the course of civil litigation information available under FOIA is likely to be available through discovery. but the information unavailable under FOIA is not necessarily unavailable through discovery Friedman V Bache 738 F2d 1336 (1984)

As to disclosure of information as a statutory provison Fed. R. crim. P. 16 (a)(1)(C) it is not inappropriate as disclosure of information upon a showing by the defendant that the documents sought are material to the preparation of his defense in order to obtain discovery. It is an entitlment to the information as a matter of law.

## CERTIFICATE OF SERVICE

I certify that the foregoing RESPONSE was served upon defendant by depositing a copy of it in the U.S. mail first class postage prepaid, addressed to:
BENTON G. PETERSON, Bar # 1029849
Assistant United States Attorney
Judiciary Center Building
555 4th street N.W civil Division
washington D.C. 20530

Robert Brehm

on this 24th day of June 2008



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 52568
22 March 2007

Mr. Robert L. Brehm
Federal Correctional Institution
P.O. Box 725
Edgefield, SC  29824

Dear Mr. Brehm:

This responds to your 10 March 2007 Freedom of Information Act (FOIA) and Privacy Act (PA) request which was received by this office on 16 March 2007, for a copy of all records this Agency maintains on you. Your letter has been assigned Case Number 52568. Please refer to this case number when contacting us about your request. Your request has been processed under the provisions of the FOIA and the PA. There are no assessable fees for this request.

Personnel management files are maintained on NSA/CSS affiliates. Therefore, a search of our most comprehensive filing systems which include applicant, personnel, security, medical, and training was conducted pursuant to the Privacy Act. Our records reflect that you have never been affiliated with this Agency; thus, no records were located in a search of those filing systems.

As you may be aware, the President of the United States "authorized the National Security Agency [(NSA)], consistent with U.S. law and the Constitution, to intercept the international communications of people with known links to al Qaeda and related terrorist organizations." The President also noted that, "[t]his is a highly classified program that is crucial to our national security."

Rest assured that safeguards are in place to protect the civil liberties of U.S. citizens. However, because of the classified nature of the National Security Agency's efforts to prevent and protect against terrorist attacks, we can neither confirm nor deny whether records relating to you under this program exist, or whether any specific technique or method or activity is

FOIA Case: 52568 AP 3244

employed in that effort. The fact of the existence or non-existence of responsive records is a currently and properly classified matter in accordance with Executive Order 12958, as amended. Thus, your request is denied pursuant to the first exemption of the FOIA, which provides that the FOIA does not apply to matters that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign relations and are properly classified pursuant to such Executive Order.

Moreover, the third exemption of the FOIA provides for the withholding of information specifically protected from disclosure by statute. Thus, your request is also denied because the fact of the existence or non-existence of the information is exempted from disclosure pursuant to the third exemption. The specific statutes applicable in this case are Title 18 U.S. Code 798; Title 50 U.S. Code 403-1(i); and Section 6, Public Law 86-36 (50 U.S. Code 402 <u>note</u>).

As your request is being denied, you are hereby advised of this Agency's appeal procedures. Any person denied access to information may file an appeal to the NSA/CSS Freedom of Information Act/Privacy Act Appeal Authority. The appeal must be postmarked no later than 60 calendar days of the date of the initial denial letter. The appeal shall be in writing addressed to the NSA/CSS FOIA/PA Appeal Authority (DJ4), National Security Agency, 9800 Savage Road STE 6248, Fort George G. Meade, MD 20755-6248. The appeal shall reference the adverse determination and shall contain, in sufficient detail and particularity, the grounds upon which the requester believes that the determination is unwarranted. The NSA/CSS FOIA/PA Appeal Authority will endeavor to respond to the appeal within 20 working days after receipt, absent any unusual circumstances.

Sincerely,

LOUIS F. GILES
Director of Policy