UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT BREHM, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 07-1739 (RMU) |
| | : | |
| v. | : | Document Nos.:  11, 14 |
| | : | |
| | : | |
| DEPARTMENT OF DEFENSE *et al*., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

Granting in part and Denying in Part the Defendants' motion to Dismiss and for summary judgment; Denying the Plaintiff's Motion to Strike

I.  INTRODUCTION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the *pro se* plaintiff sues the Central Intelligence Agency ("CIA"), CIA Information and Privacy Coordinator Scott Koch and the Department of Defense ("DOD") for allegedly improperly withholding records presumably responsive to his FOIA requests.[1]  In a joint motion [Dkt. No. 11], Koch and the DOD move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the CIA moves for summary judgment under Rule 56.  Also pending is the Plaintiff's Motion to Strike and Argument for *In Camera* Inspection [Dkt. No. 14].  Upon consideration of the parties' submissions and the entire record, the court grants defendant Koch's and the DOD's motion to dismiss, denies the CIA's motion for summary judgment and denies

---

[1] Although the plaintiff concludes that the defendants violated the FOIA, he neither identifies nor describes the FOIA requests upon which the complaint is based.

the plaintiff's motion to strike[2] and for *in camera* inspection.[3]

## II. BACKGROUND

It is undisputed that on February 14, 2007, the plaintiff requested by letter all records pertaining to himself located in the CIA's files and including in its field offices in Brazil and Venezuela.. Def.'s Mot., Ex. 2 ("Koch Decl.") Attach 1. On March 15, 2007, the CIA informed the plaintiff that a "thorough and diligent" search "for CIA originated records" located no responsive records and advised him about his right to appeal the determination to the Agency Release Panel. *Id.*, Attach. 3. Following an unsuccessful appeal, *see id.*, Attachs. 4-6, the plaintiff filed this action on September 28, 2007. In response to the complaint, the DOD searched its files to determine if it had received a FOIA request from the plaintiff but located no such request. Def.'s Mot., Ex. 3 ("Kammer Decl.") ¶ 3.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the

---

[2] The plaintiff moves "pursuant to Fed. R. Civ. P. 12(f) . . . to strike DOD and Scott Koch from the above captioned case as defendants," but also appears to press a claim against the DOD. Pl.'s Mot. at 2. Because the plaintiff's intent as to the named defendants is ambiguous, the court will summarily deny the plaintiff's motion.

[3] The plaintiff's argument that "where information provided by CiA [sic] is insufficient to permit [the] court to rule on [the] CiA's [sic] clams [sic] of FOIA exemptions, it requires [the] court to conduct in camera review," Pl.'s Mot. at 7, is unavailing here because the CIA has yet to find relevant documents for the court to review. Accordingly, the court denies the plaintiff's motion.

plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127  S. Ct. 1955, 1969 (2007); accord *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory

statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Wash. Post Co. v. United States Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)). The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). When, as here, responsive records are not located, an agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotations omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast*

*Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate."  *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness.  *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request.  *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### C.  The Court Grants Defendants Koch's and the DOD's Motion to Dismiss

Koch rightly claims that the complaint should be dismissed against him because the FOIA provides no private cause of action against individuals.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA") (citations omitted).

As for the claim against the DOD, the court's FOIA jurisdiction extends only to claims arising from the improper withholding of agency records.  5 U.S.C. § 552(a)(4)(B); *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (*quoting Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  But an agency is not required to act under the FOIA until it has received a proper request for records.  *See* 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency "to determine within twenty days after the receipt" of a request "whether to comply with the request" and to notify the requester accordingly).  The plaintiff has neither alleged that he submitted a FOIA request to the DOD nor refuted the evidence that he did not. *See* Kammer Decl. ¶¶ 3-4.  The court therefore does not have subject matter jurisdiction over the

claim against the DOD.[4]

### D. The Court Denies the CIA's Motion for Summary Judgment

The CIA asserts that it failed to locate responsive records, but the record is wholly devoid of any specifics about the search for records. Koch states in general terms how the CIA processes FOIA requests and vaguely describes the CIA's record systems. He then states that "[b]ecause CIA's records systems are decentralized and compartmented, each component must [] devise its own search strategy, which includes identifying which of it s records systems to search as well as what search tools, indices, and terms to employ." Koch Decl. ¶ 10. Koch asserts that the CIA "conducted diligent searches of relevant systems of records." *Id.* ¶ 18. But he does not provide any specific knowledge about the searches, and the record does not contain declarations from anyone with such knowledge. Because the court has insufficient information to determine the adequacy of the CIA's search, it denies the CIA's motion without prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the court grants defendants Koch's and the DOD's motion to dismiss, denies defendant CIA's motion for summary judgment and denies the plaintiff's motion to strike and for *in camera* inspection. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 23rd day of September 2008.

RICARDO M. URBINA
United States District Judge

---

[4] Although the DOD has moved to dismiss pursuant to Rule 12(b)(6), the court is required to dismiss a complaint "at any time" it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). Consequently, the court's reliance on the DOD's declaration does not require conversion of its motion to one for summary judgment under Rule 12(d). Nevertheless, if the motion were viewed under the standard for summary judgment, the outcome would be the same because the plaintiff has not presented evidence to create a genuine issue of material fact as to whether he submitted a FOIA request to the DOD.