UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT BREHM, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  07-1739 (RMU) |
| | : | |
| v. | : | Document Nos.:   20, 21 |
| | : | |
| | : | |
| DEPARTMENT OF DEFENSE *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

On September 23, 2008, the court directed the Central Intelligence Agency ("CIA") to supplement the record in this action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with evidence of its search for records responsive to the plaintiff's FOIA request for records pertaining to himself.  *See* Order of September 23, 2008 [Dkt. No. 18] and accompanying Memorandum Opinion [Dkt. No. 19].  In what remains of this case, the CIA has renewed its motion for summary judgment [Dkt. No. 21], which also includes its opposition to the plaintiff's motion for summary judgment filed on October 8, 2008 [Dkt. No. 20].  Upon consideration of the parties' supplemental filings and the entire record, the court grants the CIA's motion for summary judgment and denies the plaintiff's motion for summary judgment because it is "not accompanied by [the requisite] statement of material facts as to which the moving party contends there is no genuine issue."  LCvR 7(h); *Baptiste v. Bureau of Prisons*, 554 F. Supp. 2d 1, 2 n.1 (D.D.C. 2008).

In support of its claim of an adequate search, the CIA proffers the Declaration of Delores M. Nelson ("Nelson Decl."), who is Chief of the CIA's Public Information Programs Division, Information Management Services and Office of the Chief Information Officer.  Nelson Decl. ¶

1. As manager of the CIA's FOIA and Privacy Act programs, Nelson is responsible for, among other duties, "directing searches of CIA records systems pursuant to public requests for records . . . and coordinating the review of any records retrieved in such searches." *Id*. ¶ 2.  Her statements are "based upon [her] personal knowledge and information made available to [her] in the course of performing [her] official duties," *id*. ¶ 3, and therefore satisf[y] the personal knowledge requirement in Rule 56(e)," *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted).

Using the plaintiff's name, variants thereof and other personal identifiers, CIA staff searched two filing systems determined likely to contain responsive records, namely, the Directorate of Support and the National Clandestine Service.  Nelson Decl. ¶ 10.  Based on Nelson's description of those and other CIA databases, ¶¶ 5, 10-12, the retrieval methods employed, *id*. ¶¶ 11-12, and her conclusion that "it is unlikely that other CIA directorates would possess records responsive to Plaintiff's request," *id*. ¶ 10, the court is satisfied that the CIA conducted an adequate search for responsive records, s*ee Long v. U.S. Dep't of Justice,* 450 F. Supp.2d 42, 54 (D.D.C. 2006) (agency declarations are accorded "a presumption of good faith") (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir.1991)).

For the foregoing reasons, the court grants the CIA's renewed motion for summary judgment and denies the plaintiff's motion for summary judgment.  A final order consistent with this Memorandum Opinion and the court's prior ruling resolving all other issues is separately and contemporaneously issued this 5th day of January 2009.

RICARDO M. URBINA<br>
United States District Judge